**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2485-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PASCAL EXILUS, a/k/a
PASCEL EXILUS,

    Defendant-Appellant.

_____

Submitted December 20, 2023 – Decided January 23, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Indictment No. 16-02-0062.

Joseph E. Krakora, Public Defender, attorney for appellant (David Anthony Gies, Designated Counsel, on the briefs).

Renee M. Robeson, Hunterdon County Prosecutor, attorney for respondent (Erin Rose Bolte, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Pascal Exilus appeals from a February 1, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Because defendant failed to establish a prima facie case of ineffective assistance of counsel, we affirm.

Early in the morning of November 20, 2015, Flemington Borough police officer Robert Godown observed defendant's car with its hazard lights flashing parked in the driveway of a store that was closed. When the officer approached the car, he saw an individual, later identified as co-defendant Bereka Gelin, urinating outside the car. The officer inquired of Gelin why he had not driven to the Wawa, which was 1,000 feet away and open, to use its restroom. The officer then asked defendant, who was seated in the car's driver seat, and Gelin for identification. Gelin advised that he did not have identification and asked the officer if he could get into the car because he was cold. Defendant provided his driver's license and the car's registration information.

While the officer worked to identify Gelin—who was described as drunk and agitated—another officer arrived on the scene and proceeded to walk around the car using his flashlight to peer into the interior cabin. The officer testified he had observed marijuana "shake" or "shavings," a hollowed-out cigar or the inside of a cigar on the passenger side floor, and a small, knotted plastic baggie

2

on the back seat which was consistent with packaging used for narcotics. Upon making these observations from outside the car, the officer asked defendant whether there were any illegal substances or objects in the car and whether he could conduct a search. Both occupants were ordered to exit the car, and, while speaking to Officer Godown, defendant gave his consent for a further search of the car that led to the discovery of suspected CDS inside a black plastic bag, an empty beer bottle, and another black plastic bag containing $800 in hundred-dollar bills along with a credit card issued to defendant retrieved from the back seat of the car, which the officer described as having been altered.

Moments later, Officer Godown observed the passenger door frame was separated from the door panel. He moved the door panel and a black bag containing a loaded handgun fell out. Defendant and Gelin were arrested. The second officer then checked the driver's side door panel and discovered another small black bag containing small plastic baggies containing suspected CDS similar to the one found on the back seat of the car.

On February 18, 2016, a grand jury returned an indictment charging defendant and Gelin with the following: second-degree unlawful possession of a handgun (count one), third-degree possession of cocaine (count two), third-degree possession of cocaine with intent to distribute (count three), second-

degree possession of a weapon while possessing cocaine with intent to distribute (count four), second-degree conspiracy to possess a handgun (count five), third-degree conspiracy to possess cocaine (count six), and second-degree conspiracy to possess a weapon while possessing cocaine with intent to distribute (count seven).

Gelin and defendant were tried together. The jury acquitted Gelin of all charges and found defendant guilty of second-degree unlawful possession of a handgun and third-degree possession of cocaine. Following the jury's verdict, the court conducted a separate bench trial and found defendant guilty of the certain persons offense. On these convictions, the court sentenced defendant to a mandatory extended term of fifteen years in prison with a seven-and-one-half-year period of parole ineligibility on the weapons offense and a concurrent term of seven years on the CDS charge.

We affirmed defendant's conviction and sentence on direct appeal. State v. Exilus, No. A-4282-16 (App. Div. Mar. 6, 2019). The Supreme Court denied defendant's petition for certification. State v. Exilus, 239 N.J. 256 (2019).

On August 12, 2020, defendant timely filed a petition for PCR alleging ineffective assistance of counsel. Defendant contended trial counsel was ineffective for failing to request that the court individually question the entire

jury panel after the court's dismissal of one "tainted" juror who had contacted a witness via phone following his testimony in the case. Defendant argued that the court's decision to collectively ask the remaining jurors if they had discussed the case with anyone was inconsistent with best practices, and the court should have separately questioned each juror concerning the issue. Defendant also contended trial counsel had been ineffective in failing to consult with him during the fifteen-minute recess between his direct testimony and cross-examination about a matter defendant believed relevant to his defense. Additionally, defendant contended trial counsel had erred by failing to pursue a defense based on the origin of the weapon found in the car: that the gun found in his car was connected to a homicide for which the perpetrator had been convicted and counsel failed to investigate the circumstances of that case.

In a thorough and well-reasoned written opinion, Judge Angela F. Borkowski rejected defendant's arguments that trial counsel had been ineffective, specifically addressing each point raised by defendant.[1] In

---

[1] Defendant's PCR petition included additional arguments that we do not address because they have not been included in this appeal. See generally Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

5                                                                    A-2485-21

particular, as to defendant's claims that counsel should have developed a defense based on the origin of the weapon found in his car, the judge concluded that

> possession of the weapon was an element of the offense, not ownership. [Defendant] has not provided a certification or affidavit from the individual outlining what his testimony would have been and that he had placed the weapon in the vehicle. [Defendant's] argument is based on speculation, not supported by fact.

The judge further rejected defendant's argument that trial counsel should have objected to the judge's decision not to individually void dire remaining jurors after one juror had been dismissed. On this point, the judge determined that "even if defense counsel's failure to request that members of the jury be individually questioned was in error, . . . [defendant] was not prejudiced by that error, because all the jurors indicated that they had followed the judge's instructions and had not behaved improperly."

Applying Strickland v. Washington, 466 U.S. 668, 687 (1984), the judge rejected defendant's arguments and issued a written opinion denying the petition without an evidentiary hearing. This appeal followed.

Defendant presents the following arguments for our consideration:

POINT I

THE PCR JUDGE'S DECISION NOT TO CONDUCT AN EVIDENTIARY HEARING WAS AN ABUSE OF DISCRETION.

POINT II

THE PCR JUDGE'S DENIAL OF DEFENDANT'S ADJOURNMENT REQUEST RESULTED IN A FUNDAMENTAL INJUSTICE.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We "conduct a de novo review" of the court's "factual findings and legal conclusions" where the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). We apply these standards here.

In Strickland, 466 U.S. at 687, the Court established a two-part standard, later adopted under the New Jersey Constitution by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), to determine whether a defendant has been deprived of the effective assistance of counsel. To satisfy the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not

7

functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under the "second, and far more difficult prong," of the Strickland standard, State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense[,]" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must affirmatively prove prejudice" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the Strickland standard. 466 U.S. at 687; State v. Nash, 212 N.J. 518, 542 (2013). A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim.

Strickland, 466 U.S. at 700. "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).

I.

Defendant argues trial counsel was ineffective in failing to investigate the origin of the gun found in his car in order to present a defense based on third-party guilt. According to defendant, trial counsel informed him that the handgun found in his car had been used in a homicide for which another person had been convicted but did not make any effort to locate or interview the person convicted of committing the homicide. Defendant asserts that trial counsel's failure to investigate the origins of the gun "impacted his fundamental right to present a complete and credible defense."

Relying on Court's analysis and holding in State v. Hannah, 248 N.J. 148 (2021), defendant contends trial counsel "did not use evidence within his knowledge at the time in order to present a complete defense of third-party-guilt." In Hannah, the defendant was convicted of two counts of felony murder following a trial that largely turned on the testimony of a co-defendant, the prosecution's key witness, who testified that he and Hannah had shot and killed

9

two individuals. Id. at 155. In his PCR petition, Hannah argued that the jury had not heard the full story as a result of trial counsel's failure to present two pieces of evidence implicating another person as the killer. Id. at 162-63. The first piece of evidence, which had been disclosed to trial counsel during discovery, was a report authored by a lieutenant that contained an account of his investigation and revealed that another person's pager number was in the victims' possession at the time of the murder. Ibid. According to the Court, "[b]ecause the defense did not call the lieutenant as a witness," the jury never heard what was contained in the lieutenant's report, which Hannah's direct appeal and PCR counsel both later testified was of "critical importance . . . to advancing the defense of third-party-guilt." Id. at 182. Additionally, trial counsel also failed to pursue pre-trial motions to seek the admissibility of testimonial evidence from another potential key witness: the mother of the other individual Hannah identified as the killer. As a result, the jury also did not hear what the Court deemed "damning testimony" of the mother "inculpating her son in the murders. . . ." Id. at 183.

The Court ultimately concluded that Hannah "clearly established" both prongs under Strickland and that the cumulative effect of trial counsel's errors, "combined with those made by the trial court and prosecutor," ultimately

A-2485-21

"deprived Hannah of his constitutional right to present a complete and credible third-party-guilt defense." Id. at 155, 190.

"The purpose of a PCR hearing is to provide a procedure to uncover mistakes that may have caused an unjust result." Id. at 156 (quoting State v. Hess, 207 N.J. 123, 144-45 (2011)). However, unlike the defendant in Hannah, defendant does not present any evidence showing what counsel's investigation into the prior use of the gun found in his car was likely to have revealed, or how it would have aided his defense. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.").

Based on the record before us, defendant's contention that trial counsel was ineffective rests on mere conclusory assertions—unsupported by any evidence. Defendant makes no showing that further investigation into the gun would have revealed information helpful to his defense. In the absence of such a showing, defendant cannot sustain his burden under the first prong of the Strickland standard.

Under Strickland's second prong, it is defendant's burden to "show that the deficient performance prejudiced the defense."  State v. O'Neil, 219 N.J. 11598, 611 (2014) (quoting Strickland, 466 U.S. at 694).  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Here too, defendant argues he was "deprived [of] meaningful representation" as a result of trial counsel's failure to investigate the gun found in his car.  The State argues the potential prejudicial effect of revealing to the jury that the gun had previously been used in a homicide could have led the jury to infer that defendant had been involved in another, even more serious crime than the one for which he was indicted.  A defendant must "overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities."  State v. Nash, 212 N.J. at 542 (quoting State v. Hess, 207 N.J. at 147 (internal quotations omitted)).

Defendant fails to sustain his burden of affirmatively proving prejudice as required by the second prong of Strickland.  Defendant's bare assertions do not satisfy his burden as he has failed to show by a reasonable probability that if counsel had further investigated the origins of the gun, he would have been able

to present a viable defense to the possession charge—and the "result of the proceeding would have been different." Id. at 694. Thus, on this claim, defendant fails to satisfy either prong of Strickland.

II.

Defendant next argues that counsel was ineffective by refusing to communicate with him during a "brief" recess of fifteen minutes following his direct examination and immediately prior to cross-examination. We are not persuaded by defendant's argument that counsel acted unreasonably by instructing him not to talk with anyone about his testimony during that brief interval, and none of the cases cited by defendant support the argument that counsel's actions were unreasonable.

The United States Supreme Court addressed a similar issue in Perry v. Leeke, 488 U.S. 272 (1989). Perry involved a fifteen-minute recess that occurred between the defendant's direct and cross-examination. Id. at 274. In that case, the trial judge told the defendant that he could not speak with anyone, including his lawyer, during the recess. Ibid. The Court observed the potential for taint in the "truth seeking function" of trial "where a witness, including a criminal defendant, is permitted to consult with counsel after direct examination but before cross examination" and held that "[o]nce the defendant places himself

at the very heart of the trial process, it only comports with basic fairness that the story presented on direct is measured for its accuracy and completeness by uninfluenced testimony on cross-examination." Id. at 282.

Here, we consider that defendant relies solely on a certification to support his allegation that he wanted to discuss "germane information" during the short break between his direct and cross-examination. He asserts in a conclusory fashion that the information he wished to convey "may have created reasonable doubt in the State's case" yet fails to identify what that information would have been. Applying Strickland's first prong, we conclude that counsel's decision not to confer with defendant during the recess was not an error that deprived defendant of the counsel guaranteed by the Sixth Amendment. We also conclude that defendant has failed to sustain his burden under Strickland's second prong as he has failed to set forth any facts to establish that but for counsel's deficiencies, the outcome of the trial would have been different. Strickland, 466 U.S. at 694. Thus, on this claim, defendant also fails to satisfy either prong of Strickland.

## III.

We next address defendant's argument that trial counsel was ineffective by acquiescing to the judge's method of questioning remaining jurors after it was

determined that one juror had made an improper attempt to contact a witness. The judge specifically asked the remaining jurors, collectively, rather than individually, if anyone had been in touch with any witnesses. On this point, the State argues that counsel was not ineffective by failing to object to the judge's voir dire of the remaining members of the jury; rather, the State maintains that "an extensive voir dire of remaining jurors was not necessary" because of the potential risk that "it likely would have caused harm." The State further correctly argues that when the court "learns of potential juror misconduct, the decision to voir dire remaining jurors individually is left to the court's discretion." State v. R.D., 169 N.J. 551, 561 (2001). In R.D., the Court rejected a similar argument, reasoning that the tainted juror had no opportunity to impart extraneous information to fellow jurors and counseled that review of a court's "decision to voir dire individually the other members of the jury best remains a matter for the sound discretion of the trial court." Id. at 561.

After becoming aware that one juror had left a voicemail for an officer witness in the trial, the judge interviewed and dismissed that juror and consulted with the State and defense counsel regarding her proposed plan to address the remaining jurors. At the request of defense counsel, who had expressed concern that questioning individual jurors might raise suspicions among the remaining

15

jurors, the judge determined that it would address the jurors collectively. During colloquy with the remaining jurors, the jurors responded that they had not engaged in misconduct or inappropriate conversations about the case with anyone.

We reject defendant's contention that trial counsel's agreement with the judge on how to voir dire the remaining juror constitutes ineffective assistance. Importantly, the decision to voir dire remaining jurors was squarely within the purview of the judge, and defendant offers no proof that by agreeing with the judge, counsel's actions amounted to an unprofessional error that prejudiced him in any way. Again, it is insufficient for defendant to allege prejudice, he must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Defendant makes no such showing here and merely theorizes about the possibilities of alternative trial strategies.

Against this backdrop, we conclude defendant cannot meet the Strickland two-prong test as defendant cannot show that counsel "was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment" and that there is a reasonable probability that but for counsel's alleged errors, the result of his trial would have been different. Id. at 687-88.

IV.

We also consider defendant's argument that the PCR judge erred by denying his request for an evidentiary hearing. Specifically, he argues that his affidavit set forth facts sufficient to demonstrate a prima facie claim for ineffective assistance of counsel and, therefore, he is entitled to an evidentiary hearing. We disagree. As discussed above, defendant is not entitled to an evidentiary hearing because he failed to establish a prima facie case for ineffective assistance of counsel on each of his claims. Accordingly, defendant is not entitled to an evidentiary hearing. State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10.

V.

Lastly, we consider defendant's argument that the PCR judge erred in denying his request for an adjournment to obtain a certification from trial counsel explaining why he had not investigated the third-party guilt defense and had "acquiesced to the trial judge's decision regarding the voir dire." He argues it was "unreasonable" for the PCR judge to deny the request and that the judge did not make any factual findings. The State argues defendant "had the benefit of seventeen months' worth of prior continuances" between the filing of his

17

petition and oral argument and yet defendant failed to secure a certification from trial counsel.

In considering whether the PCR judge mistakenly applied her discretion, we examine the proceeding in question and the reason defendant sought an adjournment. State v. Hayes, 205 N.J. 522, 537 (2011). We find no abuse of discretion in the PCR judge's denial of defendant's request to adjourn oral argument on January 28, 2022. Defendant correctly cites the relevant case law, which provides that an adjournment request is "left to the sound discretion of the court, and its denial will not lead to reversal unless it appears from the record that [] defendant suffered manifest wrong or injury." Hayes, 205 N.J. at 537. Defendant does not dispute that several adjournments were previously granted and offers no reasons for the delay in obtaining the certification from counsel. He also has not demonstrated how trial counsel's certification would have supported his petition.

We disagree that the PCR judge's denial was unreasonable or that her decision lacked a factual basis. The undisputed record shows the judge reached a decision after having considered the age of defendant's petition, including that it "ha[d] been adjourned since last year," and that she had already "granted several adjournments at the request of petitioner wanting to thoroughly review

18

all the briefs and documents." Thus, based on this record, defendant has not established the PCR judge abused her discretion in denying the adjournment request and makes no showing he suffered a manifest wrong or injury as a result of that denial.

To the extent we have not expressly addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION